IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, to the use and benefit of BRADLEY INDUSTRIAL TEXTILES, INC.<br><br>Plaintiff<br><br>v.<br><br>CHATHAM REINSURANCE CORPORATION<br><br>Defendant | *<br>*<br>*<br>*<br>*<br>Civil Action No. L 00 -CV-682<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF BRADLEY INDUSTRIAL TEXTILES, INC. IN SUPPORT OF BILL OF COSTS

Plaintiff, Bradley Industrial Textiles, Inc., by its undersigned attorney, respectfully files this Memorandum in Support of its Bill of Costs.

Defendant Chatham Reinsurance Corporation ("Chatham") contends that the amount sought in the bill of costs is excessive in comparison to the principal amount of the bond claim. For the following reasons, Chatham's arguments should be rejected and the entirety of the bill of costs granted.

This case is a consolidated action. Bradley Industrial's Miller Act case against Chatham was filed first. MEDCO filed its multi-count complaint against Bradley Industrial, seeking damages of $1,500,000, after Bradley Industrial had moved for summary judgment on the Miller Act case. The cases were consolidated for discovery and trial.

The largest component of Bradley Industrials' bill of costs comprises deposition testimony. Contrary to Chatham's argument, the 20 hours of deposition testimony was not

elicited to arrive at a judgment of $37,750.  Rather, Bradley Industrial incurred minimal costs and reasonable attorney's fees in pursuing its rights under the Miller Act.  It took no depositions, and filed for summary judgment based on written discovery only.  Chatham urged as a key argument in opposition to summary judgment that MEDCO's counterclaims merited a hearing before Chatham should be held to pay under the payment bond.  Chatham at all times relied on the MEDCO claims as a defense against Bradley Industrial's bond claim.

Once Bradley Industrial was placed in a position of defending itself against enormous demands by MEDCO, its costs naturally escalated.  It took 20 hours of deposition, but not, as Chatham contends, of "its own witnesses."  Bradley Industrial took a full day deposition of the President of MEDCO, and took depositions of one former employee of MEDCO (Steve Koochin), one former subcontractor of MEDCO (Douglas Piper), three government employees (Robert Blama, Adrian J. Corts, and Charles Franklin), and one employee of Chatham (Paul Alongi).  The government employees were represented by counsel, and required cause to be shown before the government would permit them to be subpoenaed.  While not hostile, they were not captive or available witnesses.

Three of the witnesses were presented by deposition testimony alone, due to their unavailability, and therefore the necessity of those depositions should not be in question.  Those witnesses are Mr. Corts, Mr. Koochin and Mr. Piper.  Moreover, the key documentary evidence, of the daily logs of the workers and the government inspector, were explained and authenticated by two absent witnesses, thus further establishing the necessity of these costs to the trial.

Chatham also claims that Bradley purchased expedited trial transcripts.  That is not accurate; Bradley Industrial purchased trial transcripts after the conclusion of evidence, after

the Court requested post-trial briefs, with the use of the evidence. The transcript was a necessary expense to the post-trial briefing and closing argument procedures, and was not performed as a discretionary expense. The remainder of the costs are not seriously in question, since they relate to the costs of obtaining the appearance of the witnesses.

Chatham's litigation stance was squarely on the side of MEDCO on all issues, procedural and substantive. Had this case involved bifurcated issues, some of which were tangential to Chatham's interests, its opposition would have more force. In this matter, however, Chatham and MEDCO engaged in similar cross-examination, made tandem objections, and in all respects presented a united opposition to Bradley's contentions. Chatham made clear that it supported MEDCO's claims, and that their alleged merit relieved Chatham of liability under the bond. In order to refute those contentions, Bradley Industrial incurred costs exceeding $7,400. It prevailed on both its claim against Chatham's bond and on the large demand against it. From the viewpoint of its defense against the claim for $1,500,000 in damages, Bradley Industrial's cost expense of $7,500 is not disproportionate to the needs of the case.

WHEREFORE, Bradley Industrial Textiles, Inc., respectfully requests this Court to allow its Bill of Costs in total.

_____
Mary T. Keating
Federal Bar No. 04265
728 Deepdene Road
Baltimore, Maryland  21210
(410) 532-8900

Attorney for Plaintiff