IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>to the use and benefit of<br>BRADLEY INDUSTRIAL<br>TEXTILES, INC.<br><br>    Plaintiff<br><br>v.<br><br>CHATHAM REINSURANCE<br>CORPORATION<br><br>    Defendant | *<br>*<br>*<br>*<br>*<br>Civil Action No. L 00 -CV-682<br>*<br>*<br>* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM IN SUPPORT OF RENEWED MOTION
BY BRADLEY INDUSTRIAL TEXTILES, INC. FOR SANCTIONS

     Bradley Industrial Textiles, Inc., by its undersigned attorney, hereby files this memorandum in support of its renewed motion pursuant to Rule 11 of the Federal Rules of Civil Procedure for sanctions against the other parties and/or their counsel to this action.  An earlier motion was served upon counsel for Chatham Reinsurance Corporation ("Chatham") and Maryland Excavating and Dredging Company ("MEDCO") shortly after the conclusion of discovery and the service of Bradley Industrial's motion for summary judgment on all claims.  After the motion was denied without opinion, the case was tried in June 2002.  Bradley Indsutrial prevailed on all counts of its complaint and the affirmative claims made by MEDCO, and supported by Chatham.  Bradley Industrial's motion for attorney's fees and costs was filed on February 20, 2003.  For the following reasons, the motion should be granted.

        The Nature of the Case.  Bradley Industrial filed a Miller Act complaint against Chatham, seeking payment of $37,750 for unpaid supplies furnished to a United States Army

Corps of Engineers jobsite in Maryland.  After the close of discovery in that case, Bradley Industrial moved for summary judgment.  Before summary judgment motion was heard, MEDCO, the prime contractor on the job, filed a multi-count complaint against Bradley Industrial, alleging breach of contract, fraud, breach of warranty, and other claims.  The cases were consolidated, and a new discovery period began.

Because MEDCO sought $1,500,000 in each count, Bradley Industrial undertook much more discovery than in the Chatham case, which had been limited to document discovery, interrogatories, and requests for admissions.

Bradley Industrial's motion for summary judgment was granted in part, since MEDCO had no basis for its intentional interference with contract, fraud in the inducement, fraud/concealment, and negligent misrepresentation claims.  The claims for breach of contract and breach of implied warranty were tried to the Court.

Chatham relied on the MEDCO claims in defense to the bond claim, and also maintained that Bradley Industrial's claim was filed too late.

The Court entered judgment in favor of Bradley Industrial on all counts of the complaint by MEDCO and Bradley Industrial's complaint, for $37,750 plus accrued interest.

Detailed description of the work performed.  A breakdown prepared from the undersigned's time billing program is attached, which shows the activity in the case billed to the tenth of an hour.  These time entries are prepared and recorded daily.

The attorney's customary fee for such work; the customary fee for like work in the community.  The undersigned generally charges $175 per hour for all civil litigation clients; this client engaged her when her rate was $150 per hour, and it was never raised for these

matters. The hourly rate of $150 per hour is lower than the typical reasonable fee for a lawyer in the Baltimore community with 18 years of litigation experience. Indeed, the range set forth in this Court's employment discrimination guidelines for lawyers with eight or more years of experience is $200-275, rendering $150 per hour reasonable on its face. The paralegal charge of $25 per hour is similarly reasonable on its face. Many law firms charge upwards of $75 per hour for legal assistance.

<u>Expenditures for which reimbursement is sought.</u> Bradley Industrial filed a bill of costs, some of which were granted. Bradley Industrial contends that the disallowed costs should be allowed, and will file a motion for reconsideration of the clerk's order regarding the bill of costs. Specifically, the clerk disallowed deposition fees for two depositions that were read into the record, due to the unavailability of the witnesses. One was Steve Koochin, the other Adrian Corts. These costs, together with the telephone conference fee for the deposition of Mr. Koochin (then a Florida resident), should be allowed. In addition, at the Court's suggestion, if not request, the parties obtained the transcript of the trial prior to preparing the final briefs and closing argument. The obtention of the transcript permitted counsel to pinpoint particular testimony, and led to a decision based not on recollection but the record. This cost should be reimbursed as well. Those costs are:

    Steve Koochin Deposition transcript, $514.85

    Cost of conference call for telephone deposition of Steve Koochin, $524.67

    Adrian J. Corts deposition transcript, $746.25

Additional factors to be considered.

Bradley Industrial has expended far more than the amount in controversy in this case by the frivolous claims brought by MEDCO and relied upon by Chatham. MEDCO and its surety Chatham, both represented by counsel, have been aware of the facts underlying its affirmative claims and its defenses since approximately October 1999. In October 1999, before Bradley Industrial even filed its suit on the surety bond, MEDCO, aided by Chatham, engaged in intensive negotiations with the government in an attempt to avoid termination of the government contract. Both parties therefore knew or should have known from the commencement of this action that their claims and defenses were frivolous, not supported by the facts well-known to these parties, nor, in large part, supported by existing law or by a good faith argument for the extension of such law.

The parties' aggressive resistance to Bradley Industrial's claim for payment, particularly their conduct of raising claims of $1,500,000 against Bradley Industrial for alleged breaches of warranty and contract, caused Bradley Industrial to expend enormous resources to recover a contract debt amounting to about $39,000 before interest.[1] The magnitude of the *ad damnum* clauses for the affirmative claims multiplied the amount of discovery that Bradley Industrial was required to undertake, greatly increasing the legal fees and expenses, and delaying by more than a year the resolution of its case.

MEDCO and Chatham maintained until the time of the pretrial order that Bradley

---

[1] Bradley Industrial contends that Chatham and MEDCO are equally complicit, since Chatham's primary argument in opposition to Bradley Industrial's summary judgment motion filed in October 2000 was that MEDCO had affirmative meritorious claims that Chatham, as surety, was entitled to take advantage of.

Industrial had contracted with MEDCO to supply geotextile tubes and scour aprons; the evidence was undisputed at trial that the agreement had been made with MEDCO's subcontractor, which chose the filling mechanism that MEDCO complained about the following year.  Similarly, there was never any evidence to support the claim that any warranty was given, much less breached, in connection with Bradley Industrial's supply of materials for the project.

Chatham never had a reasonable basis for continuing to maintain that Bradley Industrial's last shipment of materials to the site, consisting of three scour aprons from the original order, as well as other supplies, did not fall within the applicable limitations period.  It never relied upon any testimony in support of its position, but continued to argue its point up until the closing argument after trial.

MEDCO and Chatham have been made aware several times that Bradley Industrial considered their claims and defenses frivolous and therefore have had ample warning of this Motion.  Bradley Industrial complied with the safe harbor provisions of Rule 11, and did nothing itself to multiply the proceedings.

WHEREFORE, for the reasons set forth in Bradley Industrial's Motion for Sanctions filed in October 2001, and this Motion, Bradley Industrial respectfully requests this Court to award costs and attorney's fees expended in prosecuting and defending the litigation.

_____
Mary T. Keating
Federal Bar No. 04265
728 Deepdene Road
Baltimore, Maryland  21210
(410) 532-8900

Attorney for Bradley Industrial Textiles, Inc.

5

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of March, 2003, a copy of the foregoing Memorandum in Support of Motion for Attorney's fees was mailed first class, postage prepaid, to , and to Alan H. Silverberg, Esquire, Summerfield, Willen, Silverberg & Limsky, 10019 Reisterstown Road, Suite 301, Owings Mills, MD 21117, attorney for MEDCO, and electronically submitted to Joel P. Williams, Esquire, Niles, Barton & Wilmer, 111 South Calvert Street, Baltimore, MD 21202, attorney for Chatham Reinsurance Corporation.

_____
Mary T. Keating