IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, * <br> to the use and benefit of <br> BRADLEY INDUSTRIAL * <br> TEXTILES, INC. <br> * <br>     Plaintiff <br> * <br> v. <br> * <br> CHATHAM REINSURANCE <br> CORPORATION * <br>     Defendant * | Civil Action No. L 00 -CV-682 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>MOTION TO RECONSIDER ORDER DENYING IN PART BILL OF COSTS</u>

      Plaintiff, Bradley Industrial Textiles, Inc., by its undersigned attorney, hereby moves that the Clerk reconsider her denial of several items requested in Bradley Industrial's bill of costs. As set forth below, the record amply demonstrates that the deposition transcripts and the trial transcript were necessary for the trial and completion of the case.

      The Clerk denied the transcript fee for A. J. Corts and Steve Koochin, both of whom were unavailable at trial. Mr. Corts died before trial, and his transcript was submitted in toto. It and the exhibits that Mr. Corts authenticated were utilized extensively in the post-trial memorandum of Bradley Industrial. The transcript was slated to be read into the record, but in the interests of time the Court asked that it be submitted as evidence.

      Mr. Koochin's deposition was also necessary for the trial; at the time his deposition was taken, it was contemplated that he would be unavailable for trial, since he was a Florida resident. Mr. Koochin's deposition was read at trial, and submitted in toto as evidence.

Moreover, he authenticated his daily logs, which were essential exhibits for Bradley Industrial's case.

The request for Mr. Alongi's deposition transcript was not objected to, and would have been used had Chatham Reinsurance Corporation put on any witnesses of its own (see pretrial order). Indeed, before trial the parties agreed that the deposition could be used in lieu of live testimony for Chatham.

The undersigned sent the transcripts of Mr. Piper, Mr. Corts and Mr. Koochin to Judge Legg on June 11, after the close of evidence, to be considered with the remainder of the evidence.

The Clerk took issue with the unitemized invoice, and with the cost of the conference call. The deposition consumed 101 pages; the Court should take judicial notice that the amount claimed for the deposition is within the reasonable and customary range for deposition transcripts, at about $5 per page. In addition, the cost of the conference call was high, but is typical of AT&T assisted conference calls. Taking the deposition by telephone saved travel costs for three attorneys, representing the three parties to the case. Because four lines were needed for participation in the deposition, however, and because Mr. Koochin was late to his deposition, the cost of the call was high. Compared to the cost of travel to Florida, it was reasonable and necessary.

Finally, the trial transcript is a proper cost, in that the Court requested the preparation of the transcript prior to the parties' submission of the memoranda. The parties arranged for the Court to obtain a copy of the transcript. The order for the transcript was made after the conclusion of the trial, when the Court announced its plan for the subsequent order of

proceedings: submission of memoranda and then oral argument. The memoranda were submitted on July 3, 2002, about four weeks after the close of evidence in the trial, and the oral arguments were held several weeks later.

For the foregoing reasons, Bradley Industrial's bill of costs should be granted in its entirety, or in the alternative, to include the deposition transcripts of Mr. Corts, Mr. Koochin, and the trial transcript.

_____
Mary T. Keating
Federal Bar No. 04265
728 Deepdene Road
Baltimore, Maryland 21210
(410) 532-8900

Attorney for Plaintiff Bradley Industrial Textiles, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of April, 2003, a copy of the foregoing Motion to Reconsider Order Denying in Part Bill of Costs was mailed first class, postage prepaid, to Alan H. Silverberg, Esquire, Summerfield, Willen, Silverberg & Limsky, 10019 Reisterstown Road, Suite 301, Owings Mills, MD 21117, Attorney for Maryland Excavating and Dredging Company, and provided electronically to Joel P. Williams, Esquire, attorney for Chatham Reinsurance Corporation.

_____
Mary T. Keating

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>to the use and benefit of<br>BRADLEY INDUSTRIAL<br>TEXTILES, INC.<br><br>　　　Plaintiff<br><br>v.<br><br>CHATHAM REINSURANCE<br>CORPORATION<br><br>　　　Defendant | *<br><br>*<br><br>*<br><br>*<br><br>*　　Civil Action No. L 00 -CV-682<br>*<br><br>*<br><br>* |

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

ORDER RECONSIDERING AND GRANTING BILL OF COSTS

The Court, having considered the arguments in favor of granting additional cost items from the bill of costs, and there appearing good grounds for the arguments, it is this ____ day of _____, 2003, hereby

ORDERED, that the Motion be and the same is hereby GRANTED; and it is further

ORDERED, that the Bill of Costs is amended to add the additional costs:

Transcript of Steve Koochin;

Telephone conference call costs for Koochin Deposition;

Trial transcript;

Deposition of Paul Alongi.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Felicia Cannon, Clerk