**NILES, BARTON & WILMER, LLP**
ATTORNEYS AT LAW
SUITE 1400
111 S. CALVERT STREET
BALTIMORE, MARYLAND 21202-6185

TELEPHONE 410-783-6300
FACSIMILE 410-783-6363

WEBSITE www.niles-law.com
WRITER'S DIRECT CONTACT
(410) 783-6368
jpwilliams@niles-law.com

April 11, 2003

The Honorable Benson E. Legg
United States District Court
Garmatz Federal Courthouse
3rd Floor, Room 340
101 W. Lombard Street
Baltimore, Maryland 21201

    Re:    *United States of America for the use and benefit of Bradley Industrial Textiles, Inc. v. Chatham Reinsurance Corporation and Maryland Excavating and Dredging Company* (Consolidated Case No.: L 00-CV-682)

Dear Judge Legg:

    This office represents Defendant Chatham Reinsurance Corporation in the referenced case, which concerned the filling of geotextile tubes on the Honga River. We are writing concerning the Renewed Motion for Sanctions pursuant to Rule 11 filed by Plaintiff Bradley Industrial Textiles and docketed as a motion for attorneys fees (Document No. 61). Because Local Rule 105.8(b) governing motions for sanctions provides that a party need not respond to any motion filed under Rule 11, and that the Court will not grant such a motion without requesting a response, Chatham has decided, in the interest of avoiding further costs to all parties, not to file a response unless requested.

    We do, however, wish to bring to the Court's attention what we consider to be the unjustified nature of the renewed motion for sanctions, and ask the Court's review in light of Local Rule 105.8(a), which provides: "The Court expects that motions for sanctions will not be filed as a matter of course. The Court will consider in appropriate cases imposing sanctions upon parties who file unjustified sanctions motions." As summarized below, the Renewed Motion for Sanctions is, in our view, unjustified on its face because it renews a motion for sanctions that has already been denied, and after which denial none of the parties submitted any filings whatsoever.

    By way of background, Plaintiff filed a Motion for Summary Judgment on August 1, 2001 (Document No. 33). On October 11, 2001, Plaintiff filed a Motion for Sanctions pursuant to Rule 11 (Document No. 41) asserting that the claims and defenses asserted by Defendant MEDCO, and the defenses asserted by Defendant Chatham, were frivolous and unsupported by well-known facts. The Court concluded to the contrary, finding that genuine issues of material fact did exist and denied the motion for summary judgment. A three-day trial was held in June 2002 in which both documentary and testimonial evidence was submitted by the parties. The Court requested trial memoranda from the parties at the close of trial, which briefs were submitted in July 2002. By Order dated September 4th, 2002 the Court denied Bradley's motion for sanctions (Document 53). On February 5th, 2003, the Court issued its Memorandum Opinion (Document 54) finding in favor of Plaintiff, though also noting that the flange attachment system

The Honorable Benson E. Legg
April 11, 2003
Page 2

and the pressurized elbow pipe fill system were difficult to employ. Thereafter, Plaintiff renewed its previously denied motion for sanctions pursuant to Rule 11.

Given that the initial motion for sanctions was denied on September 4th, 2002, and none of the parties submitted anything in the case between that denial and the subsequent Renewed Motion for Sanctions, Chatham respectfully suggests that the Renewed Motion for Sanctions is unjustified on its face and contrary to the Local Rule directing that such motions should not be filed as a matter of course. We have attached a copy of a letter sent to counsel for Bradley in February 2003 setting forth Chatham's position and expressing the view that the renewed motion should be withdrawn before requiring the Court's involvement.

Thank you for your consideration.

Respectfully,

Joel P. Williams

Attachment

cc:   Mary T. Keating, Esquire (Via Electronic Service)
      Alan Silverberg, Esquire (Via mail)

## NILES, BARTON & WILMER, LLP
ATTORNEYS AT LAW
SUITE 1400
111 S. CALVERT STREET
BALTIMORE, MARYLAND 21202-6185

TELEPHONE 410-783-6300
FACSIMILE 410-783-6363

WEBSITE www.niles-law.com
WRITER'S DIRECT CONTACT
(410) 783-6368

February 28, 2003

*Via Facsimile (410-532-8902) and Mail*
Mary T. Keating, Esquire
728 Deepdene Road
Baltimore, Maryland 21210

Re: *Bradley Industrial Textiles, Inc. v. Chatham Reinsurance Corporation, et al.*
Consolidated Case No.: L 00-CV-682

Dear Mary:

We received Plaintiff's Renewed Motion for Sanctions filed on February 20, 2003. The current motion renews the motion for sanctions filed by Plaintiff on October 4, 2001. Plaintiff's first motion for sanctions argued that the defenses presented by each Defendant in this case were frivolous and unsupported by facts. The Court concluded to the contrary when it denied Plaintiff's Motion for Summary Judgment based on the existence of genuine disputes of material fact. Thereafter, counsel agreed during a February 20, 2002 conference call with the Court that the motion for sanctions was moot in light of the Court's ruling. Moreover, the Court issued an Order denying the Motion for Sanctions on September 4, 2002, following the trial of this case. Local Rule 105.8 provides in pertinent part:

> The court expects that motions for sanctions will not be filed as a matter of course. The Court will consider in appropriate cases imposing sanctions upon parties who file unjustified sanctions motions.

Renewal of a motion for sanctions that has already been denied is unjustified and runs counter to the court's expectation that such motions should not be filed as a matter of course. The fact that no activity occurred in the case between the Court's denial of the initial motion for sanctions and the entry of judgment further highlights the unjustified nature of the renewed motion. It is our view that Plaintiff is using a motion for sanctions as an improper and unjustified means of attempting to recover attorney's fees in this case. Please be advised that if the motion is not withdrawn, we intend to seek the imposition of sanctions against Plaintiff pursuant to Local Rule 105.8, including recovery of attorney's fees incurred in opposing the renewed motion for sanctions.

Please feel free to contact me should you wish to discuss this matter. Thank you for your consideration.

Sincerely yours,

Joel P. Williams

cc: Alan Silverberg, Esquire
Paul A. Alongi, Esquire
David D. Gilliss, Esquire