IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>to the use and benefit of<br>BRADLEY INDUSTRIAL TEXTILES, INC., | * <br> * | |
| v. | * | CIVIL NO. L 00-682 |
| CHATHAM REINSURANCE CORP. | * | |
| MARYLAND EXCAVATING AND<br>DREDGING COMPANY | * <br><br> * | |
| v. | | CIVIL NO. L-00-2907 |
| BRADLEY INDUSTRIAL TEXTILES, INC. | * | |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

**OPPOSITION TO MOTION TO RECONSIDER**
**ORDER DENYING IN PART BILL OF COSTS**

Defendant Chatham Reinsurance Corporation, by its attorneys, David D. Gilliss, Joel P. Williams, and Niles, Barton & Wilmer, LLP, and pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 105, files this Opposition to Plaintiff's Motion to Reconsider Order Denying in Part Bill of Costs, and in support, states:

**I. The Request for Review of the Order is Untimely and Cannot be Considered**

On March 26, 2003, the Clerk entered an Order awarding Plaintiff costs in the amount of $3,432.10 (Paper No. 60). Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs may be taxed by the Clerk, and <u>[o]n motion served within 5 days thereafter, the action of the clerk may be reviewed by the court</u>." (emphasis added). In *Gary v. Spires*, 634 F.2d 772 (4th Cir. 1980), the Court of Appeals for the Fourth Circuit held that it was error to review the Clerk's award of costs after the 5 day limit had expired. *Id.* at p. 773. More recently, in *Walker v. California*, 200 F.3d 624 (9th Cir.

1999), the Ninth Circuit reached the same conclusion, recognizing that the Fourth, Fifth and Seventh Circuits had previously ruled that "a failure to make a timely objection to a cost award constitutes a waiver of the right to challenge the award." *Id.* at 626 (citing *Gary v. Spires*, *supra*). These holdings are consistent with the general rule that judicial review is the proper basis to obtain review of the Clerk's cost award. Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2679, p. 486 (1998). A request for review of the Clerk's Order awarding costs was due on or before April 2, 2003. Plaintiff did not file its instant motion for reconsideration of the Clerk's Order until April 8, 2003, and the request must be denied as untimely pursuant to Rule 54(d)(1) and Fourth Circuit precedent.

## II. The Clerk's Order is Well-Supported

In addition, the Order awarding $3,432.10 of the $7,492.52 in costs Plaintiff requested is set forth in a detailed, six-page memorandum thoroughly describing, with citation to controlling case law, the reasoning behind the Clerk's award and decision. Defendant submits that the Clerk's assessment is well-reasoned and supported by the record.

**WHEREFORE**, Defendant Chatham Reinsurance Corporation requests that the Motion to Reconsider Order Denying in Part Bill of Costs be DENIED.

Respectfully submitted,

_____
Joel P. Williams
Federal Bar No. 024944
Niles, Barton & Wilmer, LLP
111 South Calvert Street, Suite 1400
Baltimore, Maryland 21202
(410) 783-6300,  FAX (410) 783-6363
**Attorneys for Chatham Reinsurance Corporation**