IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| to the use and benefit of | : | |
| BRADLEY INDUSTRIAL TEXTILES, INC. | : | |
| | : | |
| v. | : | Civil No. L-00-682 |
| | : | |
| CHATHAM REINSURANCE | : | |
| CORPORATION | : | |
| | | |
| MARYLAND EXCAVATING AND | : | |
| DREDGING COMPANY | : | |
| | : | |
| v. | : | Civil No. L-00-2907 |
| | : | (consolidated) |
| BRADLEY INDUSTRIAL TEXTILES | : | |

## ORDER

Now pending is a Motion to Reconsider Order Denying in Part Bill of Costs filed by Plaintiff Bradley Industrial Textiles, Inc. ("Bradley Industrial"). For the reasons stated below, Plaintiff's motion [Docket No. 62] is DENIED.

On March 13, 2003, Bradley Industrial filed a Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920, seeking an award of $7,492.52 in costs. The Clerk of the Court, however, entered an order awarding Bradley Industrial only $3,432.10. On March 27, 2003, Bradley Industrial filed a motion for sanctions pursuant to Rule 11(c), which the Court denied on April 22nd. In its motion for sanctions, Bradley Industrial noted that it "will file a motion for reconsideration of the clerk's order regarding the bill of costs." On April 8th, Bradley Industrial filed the instant motion for reconsideration of the Clerk's order.

Rule 54(d)(1) provides that a court may review the Clerk's order, on motion served within five days thereafter. Here, Bradley Industrial's motion for reconsideration, filed nearly a month after the Clerk's order, is untimely. <u>Gary v. Spires</u>, 634 F.2d 772, 773 (4th Cir. 1980) (finding that the district court cannot review the clerk's award of costs after the five-day limit expired). Accordingly, the Court DENIES the motion.

It is so ORDERED this 14th day of January, 2004.

_____/s/_____
Benson Everett Legg
Chief Judge